# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

DALE C. DIXON,

    Plaintiff,

v.                                              Case No. 18-11950

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

## OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff appeals the denial of Social Security disability benefits. This case was referred to Magistrate Judge Elizabeth A. Stafford for a report and recommendation. (ECF No. 3.) Both Plaintiff and Defendant filed motions for summary judgment. (ECF Nos. 13, 16.) The Magistrate Judge considered these motions and issued a Report and Recommendation ("R&R") that recommends denying Plaintiff's motion and granting Defendant's motion, which would affirm the finding made by the administrative law judge ("ALJ") that Plaintiff is not disabled. (EFC No. 17.) Plaintiff timely filed two objections to the R&R, and Defendant filed responses. (ECF No. 18, 19.) After reviewing the R&R and the parties' filings, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, and the reasons explained in the R&R, the court will overrule Plaintiff's objections, grant Defendant's motion for summary judgment, and adopt the R&R in its entirety and without alteration.

## I. STANDARD

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

Plaintiff raises two objections to the R&R. First, Plaintiff challenges the Magistrate Judge's interpretation of *Drummond v. Commissioner*, 126 F.3d 837 (6th Cir. 1997), which addresses the issue of res judicata in the context of multiple Social Security filings. Second, Plaintiff challenges the Magistrate Judge's treatment of the opinions of Plaintiff's treating medical provider, Dr. Levi. The court will address each objection in turn.

### A. Application of Res Judicata

Plaintiff originally filed for disability benefits in 2012, alleging April 1, 2011, as an onset date of disability. (ECF No. 9-3, PageID 119.) In that case, the ALJ determined that Plaintiff was not disabled and had the residual functional capacity ("RFC") to perform sedentary work. (*Id.* at PageID.122–31.) Plaintiff then filed a second application for benefits in 2016, alleging June 20, 2016, as the onset date of disability. (ECF No. 9-

2, PageID 46.) In that case, the ALJ determined that she was not disabled and had the RFC to perform light work. (ECF No. 9-2, PageID 51.) This appeal followed.

In her first objection, Plaintiff argues that the Magistrate Judge erred in finding that the ALJ who reviewed Plaintiff's 2016 application was not bound by the RFC determination made by the ALJ who reviewed Plaintiff's 2012 application. This argument fails because it is based on an outdated interpretation of *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997).

The Sixth Circuit held in *Drummond* that "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Drummond*, 126 F.3d at 842. Following this decision, the Social Security Administration issued an Acquiescence Ruling on *Drummond*:

> When adjudicating a subsequent disability claim with an adjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim . . . unless there is new and material evidence relating to such a finding or there had been a change in the law, regulations or ruling affecting the finding or the method for arriving at the finding.

S.S.R. 98-4(6), 1998 WL 283902 (June 1, 1998).

In *Early v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018), the Sixth Circuit further clarified that "if an individual . . . files a second application for the same period of time finally rejected by the first application and offers no cognizable explanation for revisiting the first decision, res judicata would bar the second application." *Early*, 893 F.3d at 933. However, the court emphasized that claims filed during different time periods are not the "same claim" for purposes of being barred by res judicata. *Id.*

3

(quoting *Groves v. Apfel*, 148 F.3d 809, 810 (7th Cir. 1998) ("[A] claim that one became disabled in 1990 is not the same as a claim that one became disabled in 1994.").

Res judicata does not apply in this case. Here, Plaintiff's 2016 application for benefits relates to a different onset date of disability than her 2012 application. Additionally, Plaintiff's 2016 application contains new evidence, including the normal results of a May 2016 myocardial perfusion imaging with a stress test, an independent medical examination conducted by Dr. Bina Shaw, and descriptions of Plaintiff's ability to care for her infant grandson and other grandchildren. (ECF No. 17, PageID 1016–17; ECF No. 9-2, PageID 53.) Because Plaintiff's 2016 application pertains to a new time period of disability and contains new evidence, the ALJ was not bound by the RFC assessment reached by the ALJ who reviewed Plaintiff's 2012 application. The court will overrule Plaintiff's first objection.

### B. Treatment of Medical Evidence

Plaintiff's second objection to the R&R challenges the Magistrate Judge's proposed finding that the ALJ properly discounted the opinions of Plaintiff's treating medical provider, Dr. Levi. (ECF No. 18, PageID 1027.) In analyzing the opinions of a treating source,

> An ALJ is required to give controlling weight to a treating physician's opinion so long as that opinion is supported by clinical and laboratory diagnostic evidence not inconsistent with other substantial evidence in the record. But if the ALJ concludes that a treating source's medical opinion is not entitled to controlling weight, she must weigh the opinion in light of several factors. The ALJ need not perform an exhaustive, step-by-step analysis of each factor; she need only provide "good reasons" for both her decision not to afford the physician's opinion controlling weight and for her ultimate weighing of the opinion.

*Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017) (internal citation omitted).

Here, Plaintiff argues that the ALJ should have given controlling weight to Dr. Levi's medical opinions. (ECF No. 18, PageID 1028.) The Magistrate Judge found that the ALJ gave good reasons for departing from the opinions of Plaintiff's treating physician. (ECF No. 17, PageID 1020.) Specifically, the ALJ explained that "Dr. Levi's opinion greatly overstates the claimant's limitations, given her full strength and steady gait during examinations, as well as her normal perfusion testing and her care for her grandson throughout the relevant period." (ECF No. 17, PageID 1017–19.) The Magistrate Judge determined that this explanation, coupled with normal assessments by Doctors Zeig and Gezahegne, were sufficient to give Dr. Levi's opinion little weight. (*Id.*, PageID 1020.)

The court agrees with the Magistrate Judge's proposed finding that the factors cited by the ALJ were good reasons to afford little weight to Dr. Levi's opinions. Thus, even if additional evidence in the record could support a finding of disability, the court will not reweigh the evidence considered by the ALJ. *See Big Branch Res., Inc. v. Ogle*, 737 F.3d 1063, 1074 (6th Cir. 2013) (internal quotations and citations omitted) ("Here, the [plaintiff] asks us to reweigh the evidence and substitute our judgment for that of the ALJ. We cannot do so. Even if we would have taken a different view of the evidence were we the trier of facts, we must affirm the ALJ's reasonable interpretation.").

Plaintiff also argues that the ALJ erred in relying on her provision of constant care to her young grandson in determining that she is not disabled. (ECF. 18, PageID 1027.) This argument misconstrues the ALJ's opinion, which must be read as a whole.

5

*See Vitale v. Comm'r of Soc. Sec.*, No. 16-12654, 2017 WL 4296608, at *2 (E.D. Mich. Sept. 28, 2017) (internal citations omitted) ("The ALJ's assessment of Dr. Petrilli's opinion, read together with the ALJ's decision as a whole, is sufficiently specific to indicate the ALJ's good reasons for determining that Dr. Petrill's opinion was inconsistent with the other substantial evidence in the case record."). Plaintiff's ability to care for her grandson is just one of the many factors that assisted the ALJ in evaluating Plaintiff's capacity for work. This factor was assessed along with the medical evidence of Plaintiff's treating physician and Dr. Shaw and recent medical reports regarding Plaintiff's normal myocardial perfusion testing, normal stress test, and sleep apnea diagnosis. (ECF No. 17, PageID 1019–20.)

It is appropriate for the ALJ to consider Plaintiff's ability to care for her grandson when determining her capacity to work. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir. 1997) ("An ALJ may also consider household and social activities engaged in by the claimant in evaluating the claimant's assertion of pain or ailments.") (citation omitted); *see also McGrath v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 121063, at *30–31 (E.D. Mich. Apr. 9, 2013) ("The ALJ concluded that '[w]hile this evidence does not automatically mean the [plaintiff] is capable of performing such tasks for a full workweek, it generally indicated that the [plaintiff] is capable of performing similar tasks in the workplace.'") (citation omitted), *R.&R. adopted*, No. 12-CV-11267, 2013 WL 4507948 (E.D. Mich. Aug. 23, 2013) (Goldsmith, J.). Plaintiff's ability to care for her grandchildren is one piece of evidence the ALJ relied on in discounting the opinions of Dr. Levi. The court finds no error in the Magistrate Judge's treatment of Dr. Levi's medical opinions.

6

## III. CONCLUSION

For the reasons stated above, the court overrules Plaintiff's objections, grants Defendant's motion for summary judgment and adopts Magistrate Judge Stafford's R&R in full and without amendment. Accordingly,

IT IS ORDERED that Plaintiff's objections (ECF No. 18) are OVERRULED and that the Report and Recommendation (ECF No. 17) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (ECF No. 16.) is GRANTED and Plaintiff's Motion for Summary Judgment (ECF No. 13) is DENIED.

                                          s/Robert H. Cleland
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE

Dated: August 13, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 13, 2019, by electronic and/or ordinary mail.

                                          s/Lisa Wagner
                                          Case Manager and Deputy Clerk
                                          (810) 292-6522

S:\Cleland\Cleland\HEK\Civil\18-11950.DIXON.adopt.ss.rr.HEK.docx